PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MASON H. BRUMBACH, ADMINISTRATOR OF THE ESTATE OF FRED HENRY WILD, DEC., <br><br> Plaintiff, <br><br> v. <br><br> OFFICER SHANE SMITH *et al.*, <br><br> Defendants. | CASE NO. 4:24-CV-285 <br><br> JUDGE BENITA Y. PEARSON <br><br><br><br><br> **MEMORANDUM OF OPINION AND ORDER** <br> [Resolving ECF No. 3-9] |

Pending before the Court is Defendant Sergeant Jason Bonar's Motion to Dismiss Plaintiff Mason H. Brumbach, Administrator of the Estate of Fred Henry Wild, Decedent's (herein "the Estate") Amended Complaint. ECF No. 3-9. The Estate filed its Memorandum Contra Defendant Bon[]ar's Motion to Dismiss. ECF No. 4. In March 2024, Sergeant Bonar filed his Reply in Support of his Motion to Dismiss. ECF No. 6. For the reasons set forth below, the Court grants Sergeant Bonar's Motion to Dismiss.

I. **Background**

In October 2023, the Estate filed the instant action in the Trumbull County Court of Common Pleas for claims arising under Title 42, United States Code § 1983 and Ohio Rev. Code Ann. § 2125.01.[1] ECF No. 3-1 at PageID #: 23-25. In January 2024, the Estate amended its

---

[1] The Estate dropped its § 2125.01 claim against Sergeant Bonar. *See* ECF No. 4 at PageID #: 64 ("Per the accompanying Notice of Withdrawal of Claim, Plaintiff no longer

4:24-CV-285

Complaint to include the following Defendants: Officer Shane Smith, Deputy Dennis Garito, Sergeant Cody Dean, Officer Jarett Pishotti, and Sergeant Jason Bonar. ECF No. 3-3 at PageID #: 27-29.

The Amended Complaint alleges that Defendants used deadly force to arrest and prevent the escape of Plaintiff's Decedent, a social guest, without probable cause. ECF No. 3-3 at PageID #: 28. Given that Defendants lacked probable cause to believe that Decedent posed a significant threat of death or serious physical injury, the Estate raises a § 1983 claim based on violations of the Fourth and Fourteenth Amendment because Plaintiff's Decedent had been deprived of his right to be secure in and free from unreasonable searches. ECF No. 3-3 at PageID #: 28-29.

On February 14, 2024, Sergeant Bonar moved to dismiss the Amended Complaint's § 1983 claim for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(b)(6).[2] ECF No. 3-9 at PageID #: 53. Specifically, Sergeant Bonar argues that the § 1983 claim fails because the Amended Complaint failed to plead any supporting facts. ECF No. 3-9 at PageID #: 54-58. Sergeant Bonar also argues that the Estate's allegations towards Defendants collectively did not allow him to receive fair notice pursuant to Civ. R. 8, because the allegations were only made collectively against Defendants, and not towards him specifically. ECF No. 3-9 at PageID #: 54-59.

---

maintains his state law wrongful death claim against Defendant Bon[]ar.") Therefore, the Court will not address that claim.

[2] Sergeant Bonar asserts that his Motion to Dismiss was filed prior to the case being removed to Federal Court. *See* ECF No. 6 at PageID #: 66 n.1.

2

4:24-CV-285

On February 14, 2024, this action was timely removed from the Court of Common Pleas in Trumbull County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1441. ECF No. 1 at 1-2.

On February 22, 2024, the Estate filed its Memorandum Contra Defendant Bon[]ar's Motion to Dismiss. ECF No. 4. The Estate argues that the Court should not dismiss the Amended Complaint because the allegations sufficiently assert an actionable claim under 42 U.S.C. § 1983 pursuant to Civil Rule 8(A)(1). ECF No. 4 at PageID #: 62-63. Furthermore, the Estate contends that because the pleading identified Sergeant Bonar as an "in concert" killer, he is jointly severally liable. ECF No. 4 at PageID #: 63.

In his March 2024 reply, ECF No. 6, Sergeant Bonar re-affirms that the Court should dismiss the Amended Complaint because the Estate's response pleads insufficient facts to meet the federal pleadings standard, and the allegations towards Defendants collectively does not provide sufficient operative facts to sustain a 42 U.S.C. § 1983 claim against him. ECF No. 6 at PageID #: 66-71.

**II.     Standard of Review**

**A. Motion to Dismiss under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not

3

4:24-CV-285

required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Discussion

1. **The Estate's 42 U.S.C. § 1983 Claim Against Sergeant Bonar Fails to State a Claim Upon Which Relief Can Be Granted**

The pleadings contain insufficient allegations pertaining to Sergeant Jason Bonar. The Amended Complaint asserts a claim against the duly-appointed law enforcement officers in their

4

4:24-CV-285

individual capacities for performing an "in concert" killing of Plaintiff's Decedent under color of Ohio law.  ECF No. 3-3 at PageID #: 28.  Such allegations alone, however, cannot establish liability against Sergeant Bonar because the Amended Complaint lacks a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *See e.g., Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("'This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right'") (quoting *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir.2008)) (alteration in original); *see also Day v. Michigan*, No. 2:21-CV-10991, 2022 WL 6581054, at *6 (E.D. Mich. Aug. 11, 2022), report and recommendation adopted, No. 21-10991, 2022 WL 4130863 (E.D. Mich. Sept. 12, 2022) (dismissing amended complaint that made collective allegations against the defendants because "a given Defendant cannot reasonably know what [they] allegedly did in connection with Plaintiff's alleged harms"); *see also Epps v. United States,* No. 1:23-CV-510, 2024 WL 2176877, at *5 (S.D. Ohio May 15, 2024) ("More to the point, it is unclear from [plaintiff's] incoherent factual allegations who did what to whom and when, let alone whether those facts could allow her to 'sustain a recovery under some viable legal theory[.]'")

The Estate also argues that the Amended Complaint sufficiently identifies Bonar for pleading purposes because he is jointly and severally liable for being an "in concert" killer.  ECF No. 4 at PageID #: 63.  This argument lacks merit.  "[J]oint and several liability does not apply to § 1983 claims[.]"  *Day v. DeLong*, No. 3:16-CV-437, 2019 WL 7046409, at *2 (S.D. Ohio Dec. 23, 2019) (citing *Weeks v. L.R. Chaboudy*, 984 F.2d 185, 189 (6th Cir. 1993)); *see also Smith v. Michigan*, 256 F. Supp. 2d 704, 712 (E.D. Mich. 2003).

5

4:24-CV-285

For the reasons above, the Court finds that the Amended Complaint fails to state a claim for relief against Sergeant Bonar.

### IV.     Conclusion

Accordingly, the Court grants Sergeant Bonar's Motion to Dismiss (ECF No. 3-9) for failure to state a claim for relief, pursuant to Rule 12(b)(6), without prejudice.


IT IS SO ORDERED.


| September 27, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |