PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MASON H. BRUMBACH, ADMINISTRATOR OF THE ESTATE OF FRED HENRY WILD, DEC., | ) CASE NO. 4:24-CV-285 ) ) JUDGE BENITA Y. PEARSON ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **MEMORANDUM OF OPINION** |
| OFFICER SHANE SMITH *et al.*, | ) **AND ORDER** ) [Resolving ECF No. 14] |
| Defendants. | ) |

Pending before the Court is Plaintiff Mason H. Brumbach, Administrator of the Estate of Fred Henry Wild, Decedent's Motion for Leave to Amend Amended Complaint; and to File Second Amended Complaint, Instanter (ECF No. 14). Defendant Sergeant Bonar opposed the Motion for Leave to Amend. (ECF No. 18). Plaintiff replied. (ECF No. 21). For the reasons set forth below, the Court denies Plaintiff's Motion for Leave to Amend Amended Complaint and to File Second Amended Complaint, Instanter.

Prior to the filing of the instant motion, Plaintiff was served with the Court's ruling dismissing Defendant Sergeant Jason Bonar from this case. *See* ECF No. 13.

Plaintiff moves pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend his Amended Complaint, and to file his accompanying Second Amended Complaint. ECF No. 14. Plaintiff asserts that his request "is made in good faith, without undue delay or prejudice to the Defendants; and for the purpose of stating an actionable claim against Defendants, Sergeant

4:24-CV-285

Jason Bonar, *et al*, in consequence of the Court's 9/27/24 Order to the contrary[.]" ECF No. 14 at PageID #: 125.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" Brown v. Chapman, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)). "Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id*. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Sixth Circuit has held it is not appropriate to dismiss even improperly pled claims with prejudice without affording the party an opportunity to correct a pleading deficiency. U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003).

The Court does not reach a conclusion regarding questions of bad faith or undue prejudice because Plaintiff's motion for leave to amend will be denied on the merits. The Court recognizes the liberal standard for granting leave to amend, but the Court denies the motion because the allegations in the Second Amended complaint cannot withstand a 12(b)(6) motion to dismiss. *See* Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.") (citing Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)).

As the only change, the proposed Second Amended Complaint states in paragraph four:

2

4:24-CV-285

> . . . with each and every Defendant, including Defendant Sergeant Bonar and either by a combination of their actions or by their concurrent conduct, firing his weapon into Plaintiff's Decedent, thereby producing a single indivisible injury, death, under circumstances making it impossible to measure or ascertain the amount of injury inflicted by any one or more of the Defendants.

ECF No. 14 at PageID #: 127-28.

"Courts within the Sixth Circuit do not permit 'group pleadings' outside of certain fraud claims. Rather, a complaint must assert that a defendant was personally involved in the alleged deprivation of a plaintiff's federal rights." McGath v. Steward Trumbull Mem'l Hosp., Inc., No. 4:22-CV-2130, 2023 WL 5352187, at *3 (N.D. Ohio Aug. 21, 2023) (citing Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002)). In Mhoon v. Metro. Gov't of Nashville & Davidson, Co., Tenn., No. 3:16-cv-1751, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016), the court dismissed the individual capacity § 1983 claims, because Plaintiff's use of the disjunctive "and/or" indicated that each individual defendant may or may not have been involved in the use of excessive force. In other words, Plaintiff failed to allege specific facts to show each Defendant's involvement in the constitutional violation.

Plaintiff reproduces that same error, and it was also the very same reason that the Court granted Defendant Sergeant Jason Bonar's Motion to Dismiss: Plaintiff fails to plead with particularity each Defendant's actions, because he attempts to hold each Defendant liable for the same conduct. See ECF No. 13 at PageID #: 122-23. The Complaint does not connect the personal involvement of any defendant to the alleged use of excessive force. See Rodriguez v. Providence Cmty. Corrs., Inc., 191 F. Supp. 3d 758, 773 (M.D. Tenn. 2016) ("A complaint that 'fails to impute concrete acts to specific litigants', fails to state a plausible claim.") (citations omitted). By his own admission, Plaintiff concedes that it is "impossible to measure or ascertain the amount of injury inflicted by any one or more of the Defendants." ECF No. 14 at PageID #: 128. The amendment,

3

4:24-CV-285

in sum, does not show that Sergeant Bonar, "through [his] own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

      Because Plaintiff's proposed Second Amended Complaint consists of group pleadings and conclusory allegations which are insufficient to plead an actionable § 1983 claim, the Court denies Plaintiff's motion for leave to file a Second Amended Complaint.

      IT IS SO ORDERED.

| | |
|---|---|
| November 8, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |