PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MASON H. BRUMBACH, ADMINISTRATOR OF THE ESTATE OF FRED HENRY WILD, DEC., <br><br> Plaintiff, <br><br> v. <br><br> OFFICER SHANE SMITH *et al*., <br><br> Defendants. | CASE NO. 4:24-CV-285 <br><br> JUDGE BENITA Y. PEARSON <br><br><br><br> **MEMORANDUM OF OPINION AND ORDER** <br> [Resolving ECF No. 24] |

Pending before the Court is Plaintiff Mason H. Brumbach, Administrator of the Estate of Fred Henry Wild, Decedent's Motion for Leave to Amend Second Amended Complaint; and to File Third Amended Complaint, Instanter (ECF No. 24). Defendant Sergeant Bonar opposed Plaintiff's Second Motion for Leave to Amend Complaint. (ECF No. 25). Plaintiff replied. (ECF No. 26). After considering the applicable filings and case law, the Court grants Motion for Leave to Amend Second Amended Complaint; and to File Third Amended Complaint, Instanter.

## I. Background

Before this action, the Court dismissed Brumbach's claims against Defendant Bonar in the first Amended Complaint and proposed Second Amended Complaint, because they consisted of group pleadings and conclusory allegations which cannot sustain an actionable § 1983 claim. *See* 09/27/2024 Memorandum of Opinion and Order (ECF No. 13); 11/08/2024 Memorandum of Opinion and Order (ECF No. 23). In those prior pleadings, Brumbach tried to hold each of the

4:24-CV-285

Defendants liable for the same conduct without connecting each Defendant's personal involvement to the alleged use of excessive force.

Brumbach moves pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend his Second Amended Complaint (ECF No. 24), and to file his accompanying Third Amended Complaint (ECF No. 24-1).  Brumbach asserts that his request "is made in good faith, without undue delay or prejudice to the Defendants; and for the purpose of stating actionable claims against each and every Defendant, in consequence of the Court's 11/8/24 Order to the contrary." ECF No. 24 at PageID #: 154.

## II.  Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" Brown v. Chapman, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)).  "Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  The Sixth Circuit has held it is not appropriate to dismiss even improperly pled claims with prejudice without allowing the party to correct a pleading deficiency. U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003).

## III.

4:24-CV-285

## Discussion

To correct his pleading deficiencies, Brumbach alleges that Officer Shane Smith, Deputy Dennis Garito, Sergeant Cody Dean, Officer Jarett Pishotti, and Sergeant Jason Bonar each fired their weapon into Plaintiff's Decedent, causing him injury. ECF No. 24-1 at PageID #: 155-56.

Defendant Bonar responds that Brumbach's newest pleading fails to make an actionable claim, because it "does not fix the improperly group-pleaded allegations which fail to give notice of the specific conduct that gave rise to decedent's injury. Nor does it provide any additional factual allegations to reinforce Plaintiff's claims against Defendant Bonar." ECF No. 25 at PageID #: 159. The Court disagrees.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (citation omitted).

"When a free citizen claims that a government actor used excessive force during the process of an arrest, seizure, or investigatory stop, we perform a Fourth Amendment inquiry into what was objectively "reasonable" under the circumstances." *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530 (6th Cir. 2015) (citing *Graham v. Connor,* 490 U.S. 386, 396 (1989)).

Furthermore, a Plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right[.]" *Greer v. City of Highland Park, Mich.*, 884 F.3d 310, 315 (6th Cir. 2018) (emphasis in original).

The Court finds that the proposed Third Complaint plausibly alleges that Defendant Bonar violated decedent's Fourth Amendment rights, because he allegedly discharged his weapon into the unarmed decedent in pursuit of an arrest. *See Coley*, 799 F.3d at 539 ("where an

4:24-CV-285

arrestee poses no threat to others and is not trying to escape, an 'unprovoked and unnecessary blow' violates the Fourth Amendment.") Brumbach asserts that each defendant *i.e.*, Officer Shane Smith, Deputy Dennis Garito, Sergeant Cody Dean, Officer Jarett Pishotti, and Sergeant Jason Bonar fired their weapon into the unarmed decedent while pursuing an arrest. ECF No. 24-1 at PageID #: 155-56.

Accordingly, the Court grants Plaintiff Mason H. Brumbach, Administrator of the Estate of Fred Henry Wild, Decedent's Motion for Leave to Amend Second Amended Complaint; and to File Third Amended Complaint, Instanter (ECF No. 24).

IT IS SO ORDERED.

| | |
|---|---|
| January 21, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |

4