\ PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MASON H. BRUMBACH, ADMINISTRATOR OF THE ESTATE OF FRED HENRY WILD, DECEASED, | ) ) ) ) ) | CASE NO. 4:24-CV-285 |
| Plaintiff, | ) ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| OFFICER SHANE SMITH *et al*., | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 46, 48, 54] |
| Defendants. | ) | |

Pending before the Court is Defendants Sergeant Cody Dean and Deputy Dennis Garito's Motion to Extend/Reset Expert Deadlines And/Or Request For a Status Conference (ECF No. 46). Defendant Sergeant Bonar responded (ECF No. 47). The time for Plaintiff to file a Reply has passed.

Also pending is Plaintiff Mason H. Brumbach, Administrator of the Estate of Fred Henry Wild, Decedent's ("the Estate") Motion for Leave to Identify Expert Witness and Produce his Expert Witness Report (ECF No. 48). Defendants Officer Jared Pishotti, Officer Shane Smith, and Sergeant Bonar responded (ECF Nos. 49, 52). The Estate replied (ECF Nos. 51, 53).

The Estate also filed a Motion for Leave to File Expert Witness Identification With Production of Report, *Instanter* (ECF No. 54).

**I.**

4:24-CV-285

Defendants Sergeant Dean and Deputy Garito move the Court for an extension of the expert disclosure and report deadlines, or in the alternative, ask the Court to hold a status conference.  ECF No. 46 at PageID #: 227.[1]  In making their requests, Sergeant Dean and Deputy Garito provide that the Estate has agreed to voluntarily dismiss them so long as each and every Defendant agrees to "some form of stipulation that would ensure Defendant Dean and Garito's absence would not be used against the Estate by those parties that remained in the case." ECF No. 46 at PageID #: 229-30.  All Defendants have agreed to stipulate, except Defendant Sergeant Bonar.  ECF No. 46 at PageID #: 230.  Sergeant Bonar has declined to stipulate, as it would require him to give up a potential legal defense and strategy.  *See* Def. Sergeant Jason Bonar's Resp. (ECF No. 47 at PageID #: 244).

The parties seek relief through the wrong procedural mechanism.  "In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties." *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty., Ky.*, No. 12-58-ART, 2012 U.S. Dist. LEXIS 120911, 2012 WL 3644968, at *1 (E.D. Ky. Aug. 24, 2012); *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974); *Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 785 (6th Cir. 1961).  To drop a party, they must use Fed. R. Civ. P. 21.  *See Bey v. McCandless*, No. 1:22-cv-00554, 2023 U.S. Dist. LEXIS 55598, at *10 (N.D. Ohio Mar. 30, 2023).  "Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21.  After all,

---

[1] Sergeant Dean and Deputy Garito provide that "[the Estate] and [the Estate's] counsel have accepted the evidence for what it is, without a formal report, and had agreed to dismiss the officers that did not strike Mr. Wild with their shots." ECF No. 46 at PageID #: 229 (citing Ex. B (ECF No. 46-2 at PageID #: 240)).  Exhibit B, however, indicates that [the Estate] has only agreed to stipulate to dismiss Sergeant Dean.  The Court, nevertheless, assumes that the parties have agreed to dismiss both Sergeant Dean and Deputy Garito.

2

4:24-CV-285

'dropping less than the entirety of an action . . . risks prejudice to the other parties." *Id*. (citation omitted).

If the Estate intends to drop Dean and Garito, the Estate must file a motion under Rule 21. If any of the Defendants oppose, they can file a responsive brief. The law upon which Defendants' Motion is based is incorrect. For this reason, the Motion is denied in its entirety.

## II.

The Estate moves the Court for a thirty-day enlargement of the expert discovery period, so that he may "produce his expert witness report and make him available to [*sic*] expert witness deposition practice." ECF No. 48 at PageID #: 247. The Court denies the Motion for three reasons: (1) the Estate has failed to provide good cause for not complying with the Case Management Conference Order (ECF No. 30), (2) the Motion comes twenty-eight days after the date by which the Estate should have identified an expert and provided opposing counsel with the expert's written report[2], and (3) it would prejudice Defendants. For these same reasons, the Court denies the Estate's Motion for Leave to File Expert Witness Identification with Production of Report, *Instanter* (ECF No. 54).

## Conclusion

Accordingly, for the reasons above, the Court denies: (1) Defendants Sergeant Cody Dean and Deputy Dennis Garito's Motion to Extend/Reset Expert Deadlines And/Or Request For a Status Conference (ECF No. 46) in its entirety, (2) the Estate's Motion for Leave to Identify Expert Witness and Produce his Expert Witness Report (ECF No. 48), and (3) the Estate's

---

[2] *See* Case Management Order, ECF No. 30 at PageID # 182.

4:24-CV-285

Motion for Leave to File Expert Witness Identification with Production of Report, Instanter (ECF No. 54).


      IT IS SO ORDERED.

| | |
|---|---|
| August 8, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |